IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON SALTERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-00554-JPG |
| | ) |
| KURTIS T. HUNTER | ) |
| and UNKNOWN PARTY, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Aaron Salters, a former inmate at Shawnee Correctional Center ("Shawnee"), brings this action pursuant to 42 U.S.C. § 1983 (Doc. 1) for the deprivation of his constitutional rights at Shawnee. The substantive allegations in the complaint span a single page (Doc. 1, p. 5). Plaintiff claims that Shawnee's warden, Kurtis Hunter ("Defendant Hunter"), and Shawnee's mailroom clerk ("Defendant Mailroom Clerk") intercepted his clearly marked legal mail from the court and two public officials on March 18, April 16, and April 29, 2015 (Doc. 1, p. 5). The defendants opened and read Plaintiff's mail outside of his presence and without his consent. Plaintiff maintains that this conduct is consistent with the defendants' custom, policy, or practice of treating all incoming mail as general correspondence that can be opened and read before it is delivered to the intended recipient. Plaintiff brings a mail interference claim under the First Amendment against Defendants Hunter and Mailroom Clerk. He seeks monetary damages and injunctive relief (Doc. 1, p. 6).

Plaintiff filed this action on May 18, 2015, without prepaying a filing fee of $400.00 or filing a motion to proceed *in forma pauperis* ("IFP motion") (Doc. 4). The same day, the Clerk

of Court notified Plaintiff of his obligation to either pay the full filing fee or file a properly completed IFP motion within thirty days. Plaintiff's IFP motion followed on June 8, 2015 (Doc. 4). The complaint is now ripe for preliminary review pursuant to 28 U.S.C. § 1915A.

### Merits Review Pursuant to 28 U.S.C. § 1915A

Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se*

complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The complaint survives preliminary review under this standard.

## Discussion

The complaint articulates a plausible mail interference claim (**Count 1**) against Defendants Hunter and Mailroom Clerk. Claims involving prisoner mail are analyzed differently, based on the type of mail and the nature of the constitutional right at issue. Plaintiff's claim focuses on interference with his legal mail, and he brings the claim against the defendants under the First Amendment.

The Seventh Circuit defines legal mail to include mail exchanged between a prisoner and an attorney who represents him or from whom he seeks representation. *See Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). In addition, legal mail includes communications from the court and other agencies that contain sensitive information. *Guajardo-Palma v. Martinson*, 622 F.3d 801, 804 (7th Cir. 2010). Plaintiff's mail, which was from a "court of law and two public officials," appears to fit within the latter category (Doc. 1, p. 5).

Ordinarily, communications from the court, as well as public officials, consist of "public documents . . . which the prison officials have as much right to read as the prisoner." *Id.* (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (7th Cir. 1996); *Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987); *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996)). But this is not always the case. *See, e.g., Guajardo-Palma*, 622 F.3d at 804 (citation omitted) (noting that sensitive information from the court may include communications responsive to a prisoner's request that materials he submitted ex parte be held *in camera* or withheld from his adversary). The complaint offers no insight into the content of the communications, so it is not possible to determine whether the mail at issue contained sensitive information (Doc. 1, p. 5). Given the

early stage in litigation and the factual inquiry necessary to make this determination, however, the Court will not dismiss Plaintiff's claim on this basis.

Plaintiff brings his claim under the First Amendment, which "applies to communications between an inmate and an outsider." *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) (citing *Martin*, 830 F.2d at 77). The Supreme Court has recognized that inmates have a First Amendment right to send and receive mail. *Kaufman*, 419 F.3d at 685-86 (citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (citations omitted)). Of course, this right does not preclude prison officials from inspecting mail to ensure that it does not contain contraband. *Id.* at 685-86 (citing *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)).

An inmate's *legal* mail "is entitled to greater protections." *Id.* (citing *Rowe*, 196 F.3d at 782). The Supreme Court has recognized that "[p]rison regulations or practices that affect a prisoner's legal mail are of particular concern because of the potential for interference with a prisoner's right of access to the courts." *Rowe*, 196 F.3d at 782 (citing *Lewis v. Casey*, 518 U.S. 343, 1996)). For this reason, claims of interference with legal mail are often brought under the Fourteenth Amendment, which "guarantees meaningful access to the courts." *Guajardo-Palma*, 622 F.3d at 802 (quoting *Dreher v. Sielaff*, 636 F.2d 1141, 1143 (7th Cir. 1980)). This is because the right at stake in this context is the right to pursue a non-frivolous legal claim, not just the right to engage in protected speech or enrich the marketplace of ideas. *Id.* at 802 (citing *Denius v. Dunlap*, 209 F.3d 944, 954 (7th Cir. 2000)).

Prisoners regularly bring civil suits against prison officials at prisons where they are incarcerated. *Guajardo-Palma*, 622 F.3d at 802 (citations omitted). The Court is naturally concerned about situations in which prison officials open and read -- or even photocopy and distribute -- legal mail offering insight into the prisoner's case. This practice could give prison

official defendants a litigation advantage that violates the prisoner's access to the courts. *Id.* For this reason, courts have held that prison officials who open clearly marked legal mail outside of an inmate's presence may violate the inmate's constitutional rights. *Kaufman*, 419 F.3d at 695-86 (citations omitted).

This is not to say that an inmate has an actionable claim any time a prison official opens his legal mail. The inadvertent or negligent opening of an occasional legal letter is not actionable. *See, e.g., Bryant v. Winston*, 750 F. Supp. 733 (E.D. Va. 1990). Likewise, "an isolated delay or some other relatively short-term . . . disruption in the delivery of inmate reading materials will not support . . . a cause of action ground upon the First Amendment." *Rowe*, 196 F.3d at 782. *See also Sizemore v. Wiliford*, 829 F.2d 608, 610 (7th Cir. 1987) (sporadic disruption of mail service does not violate the Constitution). A valid claim typically requires "a continuing pattern or repeated occurrences" of mail interference. *Zimmerman*, 226 F.3d at 572.

The allegations in the complaint suggest that Plaintiff's legal mail was regularly intercepted, opened, and read outside of his presence, satisfying this requirement. Specifically, Plaintiff alleges that on three separate occasions, the defendants opened and read his incoming legal mail from the court and two public officials. In each instance, the envelopes were "clearly marked" and "fit [into] the special mail category" (Doc. 1, p. 5). Still, the defendants reviewed Plaintiff's mail outside of his presence and without his consent. This conduct allegedly constituted a pattern or practice of interference with Plaintiff's legal mail and of treating all incoming mail as general correspondence. Given the allegations, Plaintiff shall be allowed to proceed with Count 1 under the First and/or Fourteenth Amendment.

However, his request for a "permanent injunction ordering defendant's (sic) to cease their misconduct towards Plaintiff Salters" is moot (Doc. 1, p. 6). Plaintiff is no longer incarcerated at Shawnee. He was released on May 8, 2015, two days after he signed his complaint (Docs. 1, 3). "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at [Shawnee] under the conditions described in the complaint, would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)). Subject to this limitation, Count 1 shall receive further review.

**Identification of Unknown Defendant**

Plaintiff shall be allowed to proceed with Count 1 against Defendant Unknown Mailroom Clerk. However, this party must be identified with particularity before service of the complaint can be made on him or her. Where a prisoner's complaint states specific allegations describing conduct of an individual prison staff member sufficient to raise a constitutional claim, but the name of that defendant is not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of the individual. *Rodriguez*, 577 F.3d at 832. In this case, discovery aimed at identifying this individual can be directed to Defendant Hunter, who is Shawnee's warden. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of Defendant Mailroom Clerk is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designations in the case caption and throughout the complaint.

**Pending Motion**

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) shall be addressed in a separate order of the Court.

**Disposition**

With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendant **HUNTER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on Defendant Mailroom Clerk until such time as Plaintiff files a motion to substitute the newly identified defendant in place of the generic designations for this individual in the case caption and throughout the complaint. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the

Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a schedule for discovery aimed at identifying Defendant Mailroom Clerk with specificity.

Further, this entire matter is hereby **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently

investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**DATED: June 23, 2015**

*s/J. Phil Gilbert*
**U.S. District Judge**
