IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON SALTERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-554-JPG-DGW |
| ) | |
| KURTIS T. HUNTER and UNKNOWN ) | |
| PARTY, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Senior United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a).  For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment filed by Defendant Kurtis T. Hunter on December 4, 2015 (Doc. 14) be **GRANTED** and that the Court adopt the following findings of fact and conclusions of law.

INTRODUCTION

On May 18, 2015 the Clerk of Court docketed Plaintiff's Complaint which alleges violations of his Constitutional rights while he was an inmate at the Shawnee Correctional Center during March and April, 2015.  Plaintiff claims that Defendant Kurtis T. Hunter and an unknown mailroom clerk intercepted and opened his legal mail, outside of his presence and without his permission, in violation of the First and/or Fourteenth Amendment.  Plaintiff has been permitted

to proceed on one count of mail interference against both Defendants.

Defendant Hunter filed a Motion for Summary Judgment on December 4, 2015 along with a Notice informing Plaintiff of the consequences of failing to respond.  Plaintiff failed to respond by the January 7, 2016 deadline.  On February 5, 2016, he was *sua sponte* granted until February 16, 2016 to file a response.  He was warned that the failure to file a response would result in this Report and Recommendation.  No response was filed by the deadline.  Pursuant to Local Rule 7.1(c), the failure to file a response should be considered an admission of the merits of the motion.  As there are no material facts in dispute, a hearing pursuant to *Pavey v. Conley*, 554 F.3d 739 (7th Cir. 2008) is not required.

### FINDINGS OF FACT

In his Complaint, Plaintiff alleged that both Defendants opened and read his incoming legal mail, without his permission and outside of his presence, on March 18, April 16, and April 29, 2015.

On May 4, 2015, Plaintiff submitted a grievance to his counselor stating that his mail was opened on the above dates even though it was legal mail (Doc. 15-1, p. 1.  His counselor responded two (2) days later indicating that the mail in question was not considered legal mail (*Id.*).  Plaintiff both appealed to the grievance officer and signed the Complaint in this matter on May 6, 2015.  Based on the return address on the envelope in which Plaintiff submitted his Complaint, he mailed it while he was still incarcerated at the Shawnee Correctional Center – although it was not actually mailed until May 13, 2015 and was not received by the Clerk of Court until May 18, 2015.  The grievance officer responded on June 3, 2015 (Doc. 15-2, p. 1).  The Warden concurred on June 8, 2015 (*Id.*).  Both of these events, in addition to the actual mailing of his Complaint, occurred after Plaintiff was released from Shawnee CC around May 8,

2015.  There is no indication that Plaintiff appealed to the Administrative Review Board.  Thus, Plaintiff's Complaint was signed on the same day as he appealed to the grievance officer, May 6, 2015; he was released from prison on May 8, 2015; his Complaint was mailed on May 13, 2015; and, his Complaint was filed by the Clerk of Court on May 18, 2015.

### CONCLUSIONS OF LAW

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005).  The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970).  *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004).  A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Id.*  The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id*. §504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.*

§504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.*, § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840. An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a).

Defendant argues that Plaintiff's Complaint should be deemed filed on the date that it was signed, May 6, 2015, and not the date that it was docketed, May 18, 2015. If the former date is used, then Plaintiff failed to exhaust his remedies prior to filing suit. If the later date is used, Plaintiff is not required to exhaust any further because he was released from prison during the pendency of his grievance – as noted above, the PLRA's exhaustion requirement applies to "a prisoner *confined* in any jail, prison, or other correctional facility" (emphasis added). Thus, Defendants argue that Plaintiff should either have waited until the process was exhausted or until he was released, whichever occurred first, before mailing his Complaint.

The prison mailbox rule provides that a prisoner filing is deemed filed on the date that he submits it for mailing and not the date on which it is received by the Clerk of Court. *Taylor v. Brown*, 787 F.3d 851, 858-859 (7th Cir. 2015). Unless an "exceptional situation" is shown, and no such relevant situation has been shown, Plaintiff's Complaint is deemed filed on May 6, 2015

and not May 18, 2015.[1] While the rule is often used as a shield, to protect a filing from untimeliness arguments, in this case, Defendants are using the rule as a sword, to defeat a Complaint filed too early. On May 6, 2015, the prison's administrative process was still available to Plaintiff and he was precluded from filing suit by the PLRA at that time. Plaintiff should have waited until he was released from Prison to file his Complaint.

This same conclusion can be applied to Plaintiff's claims against the unknown party. This Report and Recommendation should satisfy the notice requirements of Rule 56(f).

---

[1] Or at the very least, it is deemed filed prior to May 8, 2015, the day that Plaintiff was released, because the return address on the envelope is the prison's address.

**RECOMMENDATIONS**

It is **RECOMMENDED** that the Motion for Summary Judgment be **GRANTED** (Doc. 14), that the claims against Defendant Hunter be **DISMISSED WITHOUT PREJUDICE,** that this Report and Recommendation serve as a Rule 56(f) notice regarding the claims against the unknown party, that the claims against Defendant Unknown Party also be **DISMISSED WITHOUT PREJUDICE**, that this entire matter be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 7, 2016**

　　　　　　　　　　　　　　　　　　　　　**DONALD G. WILKERSON**
　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**